# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GIRLSONGS, et al., | ) | 1:07-cv-01763 OWW GSA |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | FINDINGS AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT |
| ARTURO J. HADDOCK and DIANE L. HADDOCK | ) ) | (Document 10) |
| | ) ) | |
| Defendants. | ) ) | |

Plaintiffs Girlsongs, Varry White Music, Ex VW, Inc., Loc'd Out Music, WB Music Corp., WEBO Girlpublishing, Inc., Bleu Disque Music Co., Inc. and Universal-Polygram International Publishing, Inc. ("Plaintiffs") filed the instant motion for default judgment on February 22, 2008. Defendants Arturo J. Haddock and Diane L. Haddock ("Defendants") did not filed an opposition or otherwise respond to the motion. This court considered Plaintiffs' default judgment motion pursuant to Local Rule 78-230(c)[1] and (h).

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs filed the instant copyright infringement action on December 3, 2007. Plaintiffs allege three causes of action for copyright infringement, pursuant to Title 17 of the United States Code, based on the Defendants' public performances of copyrighted musical compositions. Specifically, Plaintiffs allege that on June 26, 2007, Defendants infringed the copyright of three

---

[1] Pursuant to this Court's Local Rule 78-230(c), no opposing party is entitled to oral argument in the absence of timely filed opposition papers.

1

(3) songs ("Nasty Girl," "Funky Cold Medina" and "Express Yourself") by giving unauthorized public performances of the songs at Defendants' place of business, which is known as Blitz and is located in Visalia, California.  Plaintiffs further allege that Defendants performed these compositions on their premises despite numerous warnings by the American Society of Composers, Authors and Publishers (ASCAP), a performing rights licensing organization of which all Plaintiffs are members, of their potential liability pursuant to United States copyright law.  Plaintiffs seek a permanent injunction, statutory damages, and attorney's fees and costs.

Defendants were served with the summons and complaint on December 19, 2007, by substituted service at their usual place of business with the person in charge pursuant to state law rules.  Defendants also were served by mail at their usual place of business on December 24, 2007.  True and correct copies of the proof of service were filed with this Court on January 7, 2008.

Federal Rule of Civil Procedure 4(e)(1) permits service on an individual by following state law rules.  California Code of Civil Procedure § 415.20(b) authorizes substituted service:

> by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.  Service of a summons in this manner is deemed complete on the 10th day after the mailing.

In this case, the 10th day after mailing is January 3, 2008.  Defendants did not respond or otherwise answer the summons within the requisite 20 days after January 3, 2008.  Accordingly, on January 29, 2008, Plaintiffs requested entry of default.  Thereafter, on January 31, 2008, the Clerk of the Court entered default against each of the defendants based on their failure to answer the complaint or otherwise appear.

Plaintiffs filed the instant motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) on February 22, 2008, and seek judgment as follows: (1) statutory damages greater than the minimum ($4,000.00) for each of the three infringements alleged in the

complaint in a total amount of $12,000.00; (2) pre-suit investigation costs of $656.46; (3) a permanent injunction; (4) litigation costs in the amount of $481.22; and reasonable attorneys' fees of $1,325.00.  In total, Plaintiffs seek judgment in the amount of $14,462.68.

## DISCUSSION

Plaintiffs move for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), which provides that judgment may be entered:

> By the Court.  In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or competent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing.  The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

"Upon default, the well-pleaded allegations of the complaint relating to liability are taken as true." *Dundee Cement Co. v. Highway Pipe and Concrete Products*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include; (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

To prevail on a claim for copyright infringement under the Copyright Act, Plaintiffs must prove that Defendants violated their exclusive rights as provided by Section 106 of the Copyright Act, which provides, in pertinent part:

> [T]he owner of copyright under this title has the exclusive rights to do and to authorize any of the following: ... (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly; ... (6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

Section 501 of the Copyright Act provides that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122...is an infringer of the copyright or right of the author, as the case may be," and that the "legal or beneficial owner of an exclusive right under a copyright is entitled...to institute an action for any infringement of that particular right while he or she is the owner of it."  17 U.S.C. § 501(a)-(b).

Plaintiffs allege that they are the copyright owners of the following three songs: "Nasty Girl", "Funky Cold Medina" and "Express Yourself."  Complaint, at ¶¶ 2, 3 and Schedule A.  Defendants, without the permission of Plaintiffs, have infringed the copyright of each composition by giving public performances of the compositions on Defendants' business premises for the entertainment and amusement of the patrons attending those premises.  Complaint, at ¶¶ 4, 9 and Schedule A.  Defendants have not sought or obtained a license agreement from Plaintiffs or from ASCAP for public performance of Plaintiffs' songs.  Complaint, at ¶ ¶ 10 and 11.  Plaintiffs indicate that they are members of ASCAP and that they have granted to ASCAP a non-exclusive license to authorize public performances of their copyrighted music.  Declaration of Douglas Jones in Support of Motion for Default Judgment ("Jones Decl."), at ¶¶ 1, 2.  ASCAP, on behalf of Plaintiffs and other members, licenses thousands of radio and television stations, restaurants, nightclubs and other establishments.  Jones Decl., at ¶ 2.  Plaintiffs further allege that these acts of infringement have been knowing and intentional violations of the Plaintiffs' rights.  Complaint, at ¶ 11.  Plaintiffs contend that, at least since May 2005, Defendants have had actual knowledge that they needed permission from ASCAP or the individual copyright owners directly to perform lawfully any of the copyrighted musical compositions in the ASCAP repertory at Blitz.  Jones Decl., ¶ 7, 10.

With the entry of default, this Court may accept the factual allegations of Plaintiffs' complaint as true. Based on Plaintiffs' uncontested allegations, it appears that they are entitled to relief as requested pursuant to Sections 502, 504, and 505 of the Copyright Act.

B.     Requested Relief

   1.     Injunctive Relief

Plaintiffs seek an injunction pursuant to 17 U.S.C. § 502(a), which allows the Court to grant temporary and final injunctions to "prevent or restrain infringement of a copyright." If liability is established and a continuing threat to the copyright exists, courts have traditionally granted permanent injunctions. *National Football League v. McBee & Bruno's, Inc.* 792 F.2d 726, 732 (8th Cir. 1986); *Fermata Intern. Melodies, Inc. v. Champions Golf Club, Inc.*, 712 F.Supp. 1257, 1262 (S.D.Tex. 1989); *Pedrosillo Music, Inc. v. Radio Musical, Inc.*, 815 F.Supp. 511, 516 (D.P.R. 1993).

Plaintiffs ask the Court to enjoin Defendants from performing <u>any</u> songs in the ASCAP repertory without prior authorization. Plaintiffs cite several "ASCAP" cases for this proposition, including *Pedrosillo Music,* 815 F.Supp. 511 (D.P.R. 1993). In *Pedrosillo Music*, plaintiffs were the owners of copyrights over seven musical compositions and were members of ASCAP. Defendant, a radio station, allegedly had not been licensed to perform copyrighted musical works in the ASCAP repertory, including the works owned by the plaintiffs. In granting injunctive relief, the district court noted that several courts have recognized that injunctions of a larger scope may be appropriate to prevent continued violations of the copyrights of ASCAP members, and have entered orders prohibiting defendants from performing any musical composition licensed through ASCAP. *Id.* at 516. The *Pedrosillo Music* court enjoined defendants from further infringements of any copyright licensed through ASCAP. *Id.*

   Here, despite numerous attempts by ASCAP, Defendants declined to obtain an appropriate license for Plaintiffs' songs and all other songs in ASCAP's repertory. Accordingly, a broader injunction appears appropriate. *See*, *e.g.*, *Elektra Entertainment Group Inc. v.*

*Crawford*, 226 F.R.D. 388 (C.D.Cal. 2005) (court awarded injunctive relief on motion for default judgment in copyright infringement action).

    2.    <u>Monetary Damages</u>

        a.    <u>Statutory Damages</u>

In this case, Plaintiffs elected to seek statutory damages instead of actual damages. Specifically, Plaintiffs seek a total statutory award of $12,000.00, or $4,000.00 for each of the three acts of infringement, pursuant to 17 U.S.C. § 504(c). Section 504(c) provides that the Court may, in its discretion, award between $750 and $30,000 per infringement.

Plaintiffs support their request for a $12,000.00 award by arguing that Defendants' infringements were intentional. Beginning in May 2005, ASCAP notified Defendants in writing regarding the licensing of Blitz. Jones Decl., at ¶¶ 6, 7, 10 and Exhibit A. ASCAP wrote numerous letters, placed multiple telephone calls and met with Defendant Arturo J. Haddock on at least one occasion. Exhibit A to Jones Decl.

In May or June 2007, ASCAP engaged Scott Greene to conduct a formal investigation of Blitz and prepare a written report. Jones Decl., at ¶ 8 and Exhibit A. On the evening of June 26, 2007, and the early morning of June 27, 2007, Mr. Greene visited Blitz and conducted an investigation. During the evening and early morning hours, Blitz offered mechanical music and music videos engineered by a DJ. Mr. Greene identified as many songs as he could recognize, including the three songs that are the subject of this action. Jones Decl., at ¶8. Shortly thereafter, Mr. Greene prepared a report that provided a description of Blitz and the entertainment provided by Blitz on June 26 and June 27, 2007. *Id.* and Exhibit B.

Plaintiffs therefore contend that Defendants were given repeated notice of their infringing actions, but persisted in the unauthorized performance of Plaintiffs' copyrighted music. Defendants have not appeared or asserted any defenses in this matter to dispute the Plaintiffs' argument regarding the intentional nature of the infringement. Taking the allegations in the Complaint as true, statutory damages greater than $750 per violation are appropriate based on the intentional nature of Defendants' actions.

Plaintiffs also request pre-suit investigation costs of $656.46 as part of their damages award. Plaintiffs have not cited authority for the award of pre-investigation costs as part of their damages. As indicated, Plaintiffs elected statutory damages rather than actual damages.

### 3. Costs and Attorney's Fees

In addition to statutory damages, Plaintiffs request $481.22 in litigation costs and reasonable attorneys' fees of $1,325.00 pursuant to 17 U.S.C. § 505. Section 505 provides that the court, in its discretion, may allow the recovery of "full costs" and "also award a reasonable attorney's fee...as part of the costs." *See also Elektra,* 226 F.R.D. 388 (C.D.Cal. 2005) (court awarded attorneys' fees on motion for default judgment in copyright infringement action).

Plaintiffs' litigation costs and attorney's fees are supported by the declaration of its attorney and are itemized as follows:

Costs

| | |
|---|---|
| U.S. District Court--filing Fee: | $350 |
| Golden State Overnight to deliver check for payment of filing fee: | $10.73 |
| Attorney's Diversified Service of Process on Arturo Haddock | $72.12 |
| Attorney's Diversified Service of Process on Diane Haddock | $36.87 |
| Facsimile Transmissions: | $11.50 |
| **TOTAL COSTS:** | **$481.22** |

See Declaration of Forrest Plant, Jr., at ¶ 4.

Attorney's Fees

Review letter from R. Reimer and
licensing file; letter to defendants;
letter to R. Reimer; attention to opening

7

| | | |
|---|---|---|
| new file | .80 at $250 per hour | $200 |
| E-mail D. Jones re status | .10 at $250 per hour | $25 |
| Attention to filing Complaint | .30 at $250 per hour | $75 |
| Review file re status | .20 at $250 per hour | $50 |
| Begin preparation of Motion for Default Judgment | 1.20 at $250 per hour | $300 |
| Continue preparation of Motion for Default Judgment | .80 at $250 per hour | $200 |
| Exchange emails with R. Reimer; finalize first draft of Motion for Default Judgment | .80 at $250 per hour | $200 |
| Transmit draft papers (Motion for Default Judgment) to R. Reimer | .20 at $250 per hour | $50 |
| Review R. Reimer's comments to drafts and forward declaration to D. Jones | .40 at $250 per hour | $100 |
| Review file re status; email D. Jones re status of declaration | .20 at $250 per hour | $50 |
| Review D. Jones' declaration and attention to Motion for Default Judgment | .30 at $250 per hour | $75 |
| **TOTAL FEES**: | | **$1,325.00** |

Declaration of Forrest Plant, Jr., at ¶ 3.

## RECOMMENDATION

For the reasons discussed above, the Court RECOMMENDS that:

1. Plaintiffs' motion for default judgment in favor of Plaintiffs and against Defendants Arturo J. Haddock and Diane L. Haddock be GRANTED;

2. Plaintiffs be AWARDED statutory damages in the amount of $12,000.00, which represents $4,000.00 for each of the three alleged infringements. 17 U.S.C. § 504(a)(1) and (c)(1);

3. Plaintiffs be GRANTED the following permanent injunction pursuant to 17 U.S.C. § 502:

>Defendants, and all persons acting under the direction, control, permission or authority of Defendants, shall be and hereby are enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in their copyrighted compositions, including, without limitation, by publicly performing the compositions licensed by ASCAP and from causing or permitting said compositions to be publicly performed in Defendants' business premises, or in any place owned, controlled or conducted by Defendants, and from aiding or abetting the public performance of such compositions in any such place.

4. Plaintiffs be AWARDED costs in the amount of $481.22 pursuant to 17 U.S.C. § 505;

5. Plaintiffs be AWARDED attorney's fees in the amount of $1,325.00 pursuant to 17 U.S.C. § 505.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304.  Within fifteen (15) court days of service of this recommendation, any party may file written objections to these findings and recommendation with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.  1991).

IT IS SO ORDERED.

Dated:   **April 2, 2008**             /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE